UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOM BRINKMAN,

    Plaintiff,

Vs.                                CASE NO. 3:13-CV-1220-J-34JRK

DIXIE SEAL & STAMP CO., INC.

    Defendant.

_____

FILED 2013 OCT -9 PM 1:36 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FL JACKSONVILLE FLORIDA

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND REMOVAL OF COPYRIGHT NOTICES

Plaintiff, TOM BRINKMAN, by and through his undersigned attorney, sues Defendant, DIXIE SEAL & STAMP CO., INC., and alleges:

### JURISDICTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement (17 U.S.C. §101 *et seq.*) and for removal of copyright notices under the copyright laws of the United States (17 U.S.C. §1201 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. §1201 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (a) (copyright).

### PARTIES

3. Plaintiff Tom Brinkman is a resident of Escambia County, Florida. Plaintiff is the owner of the pertinent exclusive rights under copyright in the United States, in and to the artwork on certain license plates (1) USMC Bulldog Drill Instructor, (2) America-"We Protect Peace...", (3) Peace 88 and (4) Made in the USA. This latter copyright "Made in the USA" is a mail order

picture catalog for 30 of Brinkman's original artwork license plates. (See attached Composite Exhibit A). These works have had their copyright notices removed and have been unlawfully produced for, sold to and/or distributed to Mitchell-Proffitt Company ("Mitchell-Proffitt") located in Jacksonville, Florida, and sold in retail stores located in Duval County, Florida; Escambia County, Florida, and elsewhere in Florida, and also sold over the Internet and distributed throughout the United States.

4.     Defendant Dixie Seal & Stamp Co., Inc. ("Dixie") is a Georgia Corporation doing business in Jacksonville, Duval County, Florida.

## VENUE

5.     Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Defendant may be found in this District and/or a substantial part of the acts complained of and injuries sustained occurred in this District. Personal jurisdiction in this District is proper because Defendant's sale and/or distribution of copies of Plaintiff's copyrighted works, for which Plaintiff's copyright notices had been intentionally removed, without consent or permission of Plaintiff as copyright owner, for which Plaintiff has exclusive rights, occurred in this jurisdiction, as well as other jurisdictions in the United States.

## GENERAL ALLEGATIONS

6.     From in or before 1991 to 1996, Brinkman sold his copyrighted military plates under an agreement with Dixie Seal & Stamp Co., Inc. ("Dixie"). (See attached Exhibit B). In January 1996, Brinkman ended this agreement with Dixie and entered into a non-exclusive license agreement with Mitchell-Proffitt to sell Brinkman's copyrighted military plates, using Dixie for production under a separate letter agreement. (See attached Composite Exhibit "C"). In 1997, the Mitchell-Proffitt licensing agreement and Dixie production agreement were terminated after

both Mitchell-Proffitt and Dixie prevented Brinkman from reviewing orders to determine royalty payments due to Brinkman. As a result of this audit refusal to Brinkman, he gave verbal and written orders to both Mitchell-Proffitt and Dixie to cease and desist publishing, producing, or selling his body of artwork or any derivative works having minor changes to the artwork. (See attached Composite Exhibit "D").

7. Brinkman in good faith presumed that Dixie had obeyed the cease and desist demand. Brinkman first discovered in June 2011 that Dixie had ignored the cease and desist demand, when he saw Mitchell-Proffitt's Marine Drill Instructor plate for sale at the Navy Exchange in Pensacola, Florida. A photo copy of Mitchell-Proffitt's Marine Drill Instructor license plate is attached as Exhibit "E", which license plate was produced by Dixie and sold to Mitchell-Proffitt. On the bottom right corner, Brinkman's copyright notice has been removed by Dixie and "Mitchell Proffitt Co." slugged in its place. In addition to this alteration, the file or artwork mag number is altered by adding a "B" to the number, to-wit: 93G-2381B.

8. Prior to June 2011, Brinkman did not know, nor should he have reasonably known, of Dixie's acts of infringement and distribution of copies of Brinkman's copyrighted works with Brinkman's copyright notices having been removed. The federal district courts in the 11th Circuit follow the injury discovery rule to establish when a copyright infringement claim accrues. "Each act of infringement is a distinct harm giving rise to an independent claim for relief." Stone v. Williams, 970 F.2d 1043, 1049 (2nd Cir. 1992).

9. After termination of Mitchell-Proffitt's non-exclusive license agreement in 1997, permission was neither asked nor granted to advertise, sell, distribute or reproduce any of Brinkman's copyrighted artwork on Mitchell-Proffitt's license plates.

10. Despite previous demand to cease and desist from such infringing activity of Brinkman's rights, Dixie continued to produce, offer for sale, sell and distribute Brinkman's copyrighted artwork, with Brinkman's copyright notices removed.

## COUNT I
## INFRINGEMENT OF REGISTERED COPYRIGHT: USMC BULLDOG DI

11. Plaintiff realleges paragraphs 1 through 10 above.

12. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to, the Copyrighted license plate "USMC Bulldog DI" (including derivative works, the "Copyrighted license plate"). The Copyrighted license plate is the subject of a valid Certificate of Copyright Registration (#VA 437 386) issued by the Register of Copyrights. (See Composite Exhibit A).

13. The Copyrighted license plate contained a copyright notice advising the viewer that the license is protected by the copyright laws, but Defendant removed that notice.

14. Defendant, without the permission or consent of the Plaintiff, has produced, sold and/or distributed the Copyrighted license plate, with Brinkman's copyright notices having been removed, to Mitchell-Proffitt, who used an online system to advertise, distribute and sell to the public, including by making available by advertisement for distribution or sale to others vendors, the Copyrighted license plate. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*). (Exhibit F identifies some of the other vendors to whom Mitchell-Proffitt has through advertisement supplied or distributed the Copyrighted license plate, who have in turn without the permission or consent of Plaintiff, advertised, distributed and sold the Copyrighted license plate to the public or

others.) (Exhibit G shows the use of the Plaintiff's Copyrighted license plate in the advertisements of Mitchell-Proffitt and others, to whom Mitchell-Proffitt has advertised, supplied, distributed and sold Plaintiff's Copyrighted license plate.)

15. The foregoing acts of infringement by Defendant have been either negligent or willful, and in disregard of and with indifference to the rights of Plaintiff.

16. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. §505.

17. The Defendant's conduct of producing, distributing and selling Plaintiff's Copyrighted license plate is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief, prohibiting Defendant from further infringing Plaintiff's copyright. Plaintiff is also entitled to an order (1) that Defendant cease producing, distributing and selling Plaintiff's Copyrighted license plate, and (2) that Defendant destroy, or turn over to Plaintiff, all copies of the Copyrighted license plate it has in inventory.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted license plate, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff, including without limitation by using the Internet and other media to advertise, distribute and sell Plaintiff's Copyrighted license plates; or to advertise or make Plaintiff's license plates available for distribution and sale to the public through other vendors, except

pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy, or turn over to Plaintiff, all copies of Plaintiff's Copyrighted license plates that Defendants has without Plaintiff's authorization.

      b.      For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

      c.      For Plaintiff's costs.

      d.      For Plaintiff's reasonable attorneys' fees.

      e.      For such other and further relief as the Court deems proper.

      f.      Demand for a jury trial on all issues so triable.

### COUNT II
### INFRINGEMENT OF REGISTERED COPYRIGHT: AMERICA- "WE PROTECT PEACE…"

18.    Plaintiff realleges paragraphs 1 through 10 above.

19.    At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to, the Copyrighted license plate "America-'We Protect Peace…' " (including derivative works, the "Copyrighted license plate"). The Copyrighted license plate is the subject of a valid Certificate of Copyright Registration (#VA 145-741) issued by the Register of Copyrights. (See Composite Exhibit A).

20.    The Copyrighted license plate contained a copyright notice advising the viewer that the license is protected by the copyright laws, but Defendant removed that notice.

21.    Defendant, without the permission or consent of the Plaintiff, has produced, sold and/or distributed the Copyrighted license plate, with Brinkman's copyright notices having been removed, to Mitchell-Proffitt, who used an online system to advertise, distribute and sell to the public, including by making available by advertisement for distribution or sale to others vendors,

the Copyrighted license plate. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*). (Exhibit F identifies some of the other vendors to whom Mitchell-Proffitt has through advertisement supplied or distributed the Copyrighted license plate, who have in turn without the permission or consent of Plaintiff, advertised, distributed and sold the Copyrighted license plate to the public or others.) (Exhibit G shows the use of the Plaintiff's Copyrighted license plate in the advertisements of Mitchell-Proffitt and others, to whom Mitchell-Proffitt has advertised, supplied, distributed and sold Plaintiff's Copyrighted license plate.)

22. The foregoing acts of infringement by Defendant have been either negligent or willful, and in disregard of and with indifference to the rights of Plaintiff.

23. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. §505.

24. The Defendant's conduct of producing, distributing and selling Plaintiff's Copyrighted license plate is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief, prohibiting Defendant from further infringing Plaintiff's copyright. Plaintiff is also entitled to an order (1) that Defendant cease producing, distributing and selling Plaintiff's Copyrighted license plate, and (2) that Defendant destroy, or turn over to Plaintiff, all copies of the Copyrighted license plate it has in inventory.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted license plate, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff, including without limitation by using the Internet and other media to advertise, distribute and sell Plaintiff's Copyrighted license plates; or to advertise or make Plaintiff's license plates available for distribution and sale to the public through other vendors, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy, or turn over to Plaintiff, all copies of Plaintiff's Copyrighted license plates that Defendants has without Plaintiff's authorization.

b. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

c. For Plaintiff's costs.

d. For Plaintiff's reasonable attorneys' fees.

e. For such other and further relief as the Court deems proper.

f. Demand for a jury trial on all issues so triable.

## COUNT III
## INFRINGEMENT OF REGISTERED COPYRIGHT: PEACE 88

25. Plaintiff realleges paragraphs 1 through 10 above.

26. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to, the Copyrighted license plate "Peace 88" (including derivative works, the "Copyrighted license plate"). The Copyrighted license plate is the subject of a valid Certificate of Copyright Registration (#VA 146-780) issued by the Register of Copyrights. (See Composite Exhibit A).

27. The Copyrighted license plate contained a copyright notice advising the viewer that the license is protected by the copyright laws, but Defendant removed that notice.

28. Defendant, without the permission or consent of the Plaintiff, has produced, sold and/or distributed the Copyrighted license plate, with Brinkman's copyright notices having been removed, to Mitchell-Proffitt, who used an online system to advertise, distribute and sell to the public, including by making available by advertisement for distribution or sale to others vendors, the Copyrighted license plate. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*). (Exhibit F identifies some of the other vendors to whom Mitchell-Proffitt has through advertisement supplied or distributed the Copyrighted license plate, who have in turn without the permission or consent of Plaintiff, advertised, distributed and sold the Copyrighted license plate to the public or others.) (Exhibit G shows the use of the Plaintiff's Copyrighted license plate in the advertisements of Mitchell-Proffitt and others, to whom Mitchell-Proffitt has advertised, supplied, distributed and sold Plaintiff's Copyrighted license plate.)

29. The foregoing acts of infringement by Defendant have been either negligent or willful, and in disregard of and with indifference to the rights of Plaintiff.

30. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. §505.

31. The Defendant's conduct of producing, distributing and selling Plaintiff's Copyrighted license plate is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief, prohibiting Defendant from further infringing Plaintiff's copyright. Plaintiff is also entitled to an order (1) that Defendant cease producing, distributing and selling Plaintiff's Copyrighted license plate, and (2) that Defendant destroy, or turn over to Plaintiff, all copies of the Copyrighted license plate it has in inventory.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted license plate, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff, including without limitation by using the Internet and other media to advertise, distribute and sell Plaintiff's Copyrighted license plates; or to advertise or make Plaintiff's license plates available for distribution and sale to the public through other vendors, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy, or turn over to Plaintiff, all copies of Plaintiff's Copyrighted license plates that Defendants has without Plaintiff's authorization.

b. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

c. For Plaintiff's costs.

d. For Plaintiff's reasonable attorneys' fees.

e. For such other and further relief as the Court deems proper.

f. Demand for a jury trial on all issues so triable.

## COUNT IV
## INFRINGEMENT OF REGISTERED COPYRIGHT: MADE IN THE USA

32. Plaintiff realleges paragraphs 1 through 10 above.

33. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to, the Copyrighted license plates "Made in the USA" (including derivative works, the "Copyrighted license plates"). The Copyrighted license plates are the subject of a valid Certificate of Copyright Registration (#VA 0000339719) issued by the Register of Copyrights. (See Composite Exhibit A).

34. The Copyrighted license plates each contained a copyright notice advising the viewer that the license is protected by the copyright laws, but Defendant removed that notice.

35. Defendant, without the permission or consent of the Plaintiff, has produced, sold and/or distributed the Copyrighted license plates, with Brinkman's copyright notices having been removed, to Mitchell-Proffitt, who used an online system to advertise, distribute and sell to the public, including by making available by advertisement for distribution or sale to others vendors, the Copyrighted license plates. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*). (Exhibit F identifies some of the other vendors to whom Mitchell-Proffitt has through advertisement supplied or distributed the Copyrighted license plate, who have in turn without the permission or consent of Plaintiff, advertised, distributed and sold the Copyrighted license plate to the public or others.) (Exhibit G shows the use of the Plaintiff's Copyrighted license plate in the advertisements of Mitchell-Proffitt and others, to whom Mitchell-Proffitt has advertised, supplied, distributed and sold Plaintiff's Copyrighted license plate.)

36. The foregoing acts of infringement by Defendant have been either negligent or willful, and in disregard of and with indifference to the rights of Plaintiff.

37.    As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. §505.

38.    The Defendant's conduct of producing, distributing and selling Plaintiff's Copyrighted license plates, with Brinkman's copyright notices having been removed, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief, prohibiting Defendant from further infringing Plaintiff's copyright. Plaintiff is also entitled to an order (1) that Defendant cease producing, distributing and selling any of Plaintiff's Copyrighted license plates, which were first published in 1989 and before (See Composite Exhibit I), with Brinkman's copyright notices having been removed, and (2) that Defendant destroy, or turn over to Plaintiff, said copies of the Copyrighted license plates, which were first published in 1989 and before (See Composite Exhibit I), that it has in inventory with Brinkman's copyright notices having been removed, except for any plates already manufactured as of April 19, 2013.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a.    For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted license plates, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff, including without limitation by using the Internet and other media to advertise, distribute and sell Plaintiff's Copyrighted license plates; or to advertise or make Plaintiff's license plates available for distribution and sale to the public through other vendors, except pursuant to a lawful license or with the express authority of Plaintiff. Except for any plates

already manufactured as of April 19, 2013, any of the copyrighted license plates first published in 1989 and before (See Composite Exhibit I), must have the original copyright notices replaced in accordance with the copyright notice provisions enacted in the United States 1976 Copyright Act.

  b. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

  c. For Plaintiff's costs.

  d. For Plaintiff's reasonable attorneys' fees.

  e. For such other and further relief as the Court deems proper.

  f. Demand for a jury trial on all issues so triable.

COUNT V
REMOVAL OF COPYRIGHT NOTICES--
VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA),
17 U.S.C. §§ 1201, ET SEQ.)

39. Plaintiff realleges paragraphs 1 through 10 above.

40. Section 1202(b) of DMCA, 17 U.S.C. § 1202(b), provides, in pertinent part, that " no person shall, without the authority of the copyright owner or the law—

  (1) intentionally remove or alter any copyright management information,

  (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner, or

  (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,

knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title."

41.  17 U.S.C. § 1202(c), states in pertinent part "As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:

> (1) The title and other information identifying the work, including the information set forth on a notice of copyright.
>
> (2) The name of, and other identifying information about, the author of a work.
>
> (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright...."

42.  At all relevant times the Plaintiff has been the owner and holder of the pertinent exclusive rights for certain copyrighted works, identified in Composite Exhibit H and H1, generally described as military artwork on automobile license plates, which artwork for the dies and print resided during all material times with Defendant

43.  The copyrighted license plates identified in Composite Exhibit H and H1 contained a copyright notices advising the viewer that the license plates are protected by the copyright laws, but Defendant removed those notices.

44.  Defendant, without the permission or consent of the Plaintiff, produced, distributed and sold to Mitchell-Proffitt the copyrighted license plates identified in Composite Exhibit H and H1 with Plaintiff's copyright notices removed, knowing, or having reasonable grounds to know, that

it would induce, enable, facilitate, or conceal an infringement of Brinkman's rights protected under the Copyright Act. Mitchell-Proffitt, in turn and without the permission or consent of Plaintiff, distributed said copyrighted license plates, with Plaintiff's copyright notices removed, to its customers for distribution to others and to the public. Defendant's actions violate Plaintiff's rights protected under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 1201 *et seq.*).

45. The foregoing acts by Defendant have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

46. As a result of Defendant's actions, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 1203, and to attorneys' fees and costs pursuant to 17 U.S.C. §1203.

47. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §1203, Plaintiff is entitled to injunctive relief prohibiting Defendant from further violation of Plaintiff's copyright.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly violating Plaintiff's rights in the copyrighted license plates owned by Plaintiff, by using any means to distribute and sale Plaintiff's copyrighted license plates, or to make Plaintiff's license plates available or distribution and sale to the public, that have Plaintiff's copyright notices removed, except pursuant to a lawful license or with the express authority of Plaintiff. Except for any plates already manufactured as of April 19, 2013, any of the copyrighted license plates first published in 1989 and before (See Composite Exhibit

I), must have the original copyright notices replaced in accordance with the copyright notice provisions enacted in the United States 1976 Copyright Act.

b.    For actual damages, or statutory damages for each violation of Section 1202 in the sum of not less than $2,500 or more than $25,000 pursuant to 17 U.S.C. § 1203, at the election of the Plaintiff.

c.    For Plaintiff's costs.

d.    For Plaintiff's reasonable attorneys' fees.

e.    For such other and further relief as the Court deems proper.

f.    Demand for a jury trial on all issues so triable.

Dated: October 1, 2013

s/ J.D. Smith
J. D. SMITH, ESQ.
Florida Bar No. 856053
Attorney for Plaintiff Tom Brinkman
41 N. Jefferson St., Suite 102
Pensacola, Florida 32502
Telephone: (850) 332-0921
Fax: (850) 270-6570
E-mail: jd@jdsmith-law.com