**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TOM BRINKMAN,

Plaintiff,

vs. Case No. 3:13-cv-1220-J-34JRK

DIXIE SEAL & STAMP CO., INC.,

Defendant.
______________________________________/

**REPORT AND RECOMMENDATION**[1]

**I. Status**

This cause is before the Court on Defendant's Motion to Transfer and Memorandum in Support (Doc. No. 11; "Motion"), filed December 16, 2013.[2] Attached to the Motion is an Affidavit of Curtis Schmidt (Doc. No. 11-1).[3] On January 9, 2014, Plaintiff filed a response in opposition to the Motion. See Plaintiff's Response and Brief in Opposition to Defendant's Motion to Transfer Venue (Doc. No. 14; "Response"). Plaintiff attached to the Response a Declaration of Tom Brinkman in Support of Plaintiff's Response and Brief in Opposition to Defendant's Motion to Transfer Venue and supporting exhibits (Doc. No. 14-1 to 14-3; "Pl.'s

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] The unopposed portion of the Motion seeking a stay of discovery pending resolution of Defendant's request to transfer this case was granted by Order entered December 19, 2013 (Doc. No. 13).

[3] Two other documents are attached to the Motion. Defendant indicates that it attached as "Exhibit B" a copy of a complaint filed by Plaintiff against a different company (Mitchell-Proffitt) in the Northern District of Florida. See Motion at 4. What Defendant actually attached to the Motion, however, is a copy of the Complaint filed in this case. See Doc. No. 11-2 at 2-17. The second document is an email between Plaintiff's counsel and Defendant's counsel that does not substantively affect the outcome of the Motion. See Doc. No. 11-3 at 2.

Decl."). Defendant sought leave to file a reply to the Response, and by Order entered February 4, 2014 (Doc. No. 18), Defendant's request was granted. Also, Plaintiff was provided the opportunity to file a sur-reply if he so desired. See id. Defendant filed its reply on February 11, 2014, see Defendant Dixie Seal & Stamp Co., Inc.'s Reply Brief in Support of its Motion to Transfer Venue (Doc. No. 19; "Reply"), and Plaintiff filed a sur-reply on February 18, 2014, see Plaintiff's Response to Defendant's Reply Brief in Support of its Motion to Transfer Venue (Doc. No. 20; "Sur-reply").

Plaintiff initiated this action on October 9, 2013 by filing the Complaint against Defendant. See Compl. (Doc. No. 1) at 1. Regarding venue, Plaintiff asserts that venue is proper in this District because "Defendant may be found in this District and/or a substantial part of the acts complained of and injuries sustained occurred in this District." Id. at 2. Plaintiff further contends that "[p]ersonal jurisdiction in this District is proper because Defendant's sale and/or distribution of copies of Plaintiff's copyright works . . . occurred in this jurisdiction, as well as other jurisdictions in the United States." Id.

Substantively, in the Complaint, Plaintiff alleges violations of the Copyright Act. See generally id. at 1-16. Plaintiff claims that he owns the "exclusive rights under copyright . . . in and to the artwork on certain license plates." Id. at 1. He asserts that pursuant to an agreement he had with Defendant, Plaintiff "sold his copyrighted military plates" to Defendant. Id. at 2. He contends that this agreement ended in 1996, and Plaintiff "entered into a non-exclusive license agreement with Mitchell-Proffitt to sell [Plaintiff's] copyrighted military plates, using [Defendant] for production under a separate letter agreement." Id. Mitchell-Proffitt is located in Jacksonville, Florida. Id. According to Plaintiff, in 1997, he terminated the

agreement with Mitchell-Proffitt and the agreement with Defendant. Id. at 2-3. In June 2011, Plaintiff allegedly discovered that Defendant was still producing, selling, and/or distributing Plaintiff's copyrighted plates and that Defendant had removed the copyright notices from the plates. See id. at 3, 4, 6, 9, 11, 13-15. The instant action followed.

## II. Parties' Positions / Summary of Recommendation

In the Motion, Defendant seeks to have this case transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404. See generally Motion. Defendant argues that "the amount of deference accorded to Plaintiff's choice of forum is diminished substantially because Plaintiff does not reside in the Middle District of Florida." Id. at 7. Defendant contends that balancing the applicable factors, transfer is appropriate for the convenience of the parties and witnesses, and because Defendant's headquarters, sources of proof, relevant documents, and witnesses are located in or subject to the subpoena power of the Northern District of Georgia. See id. at 6-11.

Plaintiff responds by arguing that his choice of forum "is a paramount consideration . . . and that choice should not be lightly disturbed." Response at 5. Plaintiff contends that although he does not live in the Middle District of Florida, his "home forum is the State of Florida" and "the locus of operative facts is in this District." Id. at 6. As to the convenience of the parties and witnesses, Plaintiff asserts that his key witnesses "will all be unwilling non-party witnesses, whose attendance at trial can be compelled by subpoena only from this Court, and not from the proposed transferee court." Id. at 10. Plaintiff also argues that "[t]echnological advancements have diminished traditional section 1404(a) concerns related to sources of proof." Id. According to Plaintiff, Defendant's "documents can be easily

photocopied, scanned or electronically copied, and transported in a speedy and relatively inexpensive manner from their place of storage to the litigation location." Id. at 11.

In its Reply, Defendant attacks the law cited by Plaintiff with respect to the deference accorded to a plaintiff's choice of forum. See Reply at 1-3. Defendant reiterates its argument that the "best forum" is the Northern District of Georgia because that is where Defendant's headquarters, witnesses, and relevant documents are located. Id. at 3. Defendant concludes that transferring this action "is the most reasonable outcome." Id. (capitalization and emphasis omitted).

In the Sur-reply, Plaintiff identifies his "connection to the Middle District of Florida" as being the location of Mitchell-Proffitt Company, the company that allegedly distributed the copyrighted plates produced by Defendant. See Sur-reply at 2. Plaintiff argues that "[t]he infringement actions of ordering, receiving and re-selling of [Plaintiff's] copyrighted plates, with his copyright notices removed, occurred in the Middle District of Florida." Id. Additionally, Plaintiff reasserts that his two key witnesses will be unwilling to travel to the Northern District of Georgia, and that they are only subject to the subpoena power of this Court. Id. at 2-4. Plaintiff alleges that Defendant "has considerably more resources than [Plaintiff, who is] a 66 year old on a fixed income." Id. at 4. Plaintiff requests that the transfer be denied. Id. at 5.

As explained in more detail below, the undersigned recommends that the Motion be denied. The Motion presents a close call, but after weighing the applicable considerations and taking into account the parties' arguments, the undersigned finds that Defendant has not carried its burden of showing that this matter should be transferred.

## III. Legal Framework

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court engages in a two-step inquiry when considering whether a case should be transferred pursuant to § 1404(a). First, the court must determine whether the case could have been filed in the proposed district. If so, the court proceeds to the second step: "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." Eye Care Int'l, Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000). In doing so, the court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

"The [United States Court of Appeals for the] Eleventh Circuit has determined that a court should be somewhat restrictive in transferring actions, stating that '[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations.'" Eye Care Int'l, Inc., 119 F. Supp. 2d at 1317 (quoting Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)). The burden of showing that

transfer is appropriate lies with the movant, and the decision as to whether a case should be transferred rests largely within "the broad discretion of the trial court." Id.

## IV. Analysis

As to the first consideration, whether the case could have originally been brought in the proposed district, the undersigned finds (and Plaintiff does not dispute) that venue may also lie in the Northern District of Georgia, the district to which Defendant seeks to transfer this matter. The undersigned now proceeds to the second step of the analysis and considers the convenience factors outlined above.

### A. Convenience of the Parties and Witnesses; Availability of Compulsory Process; Relative Means of Parties

"[T]he convenience of a witness is less significant when the witness is an employee of a party, as the employer-party can secure the witness's presence at trial." Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable SE, LLC, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at *24 (M.D. Fla. Mar. 27, 2014) (unpublished) (citations omitted); Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) (recognizing that "transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party"). A request to transfer "may also be denied where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary." Mason, 146 F. Supp. 2d at 1361-62 (citations omitted). "The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." Id. at 1362.

Defendant claims that its "officers and key decision makers reside in the greater Atlanta area" and that "[i]f the case proceeds to trial in the Middle District of Florida, [Defendant's] key witnesses will have to travel to Jacksonville . . . [and t]he absence of key employees will disrupt [Defendant's] business." Motion at 9. Defendant does not indicate who the employee-witnesses are, or the nature, extent, or details of their potential testimony. Defendant also does not indicate that any of its potential witnesses would be unwilling to travel to Jacksonville. Defendant does name two former employees who have knowledge of the claims asserted by Plaintiff and who are both "believed to reside in the Northern District of Georgia." Id. at 10. On the other hand, Plaintiff names two witnesses who he asserts are material to his claims and who, according to Plaintiff, will be unwilling to testify absent being compelled to do so. See Response at 8. Plaintiff argues that this Court is the only one with subpoena power over these two witnesses. See id.

Defendant has authority over its own employees and can compel the employees to travel to this District if necessary. As to the two former employees of Defendant, Defendant has not suggested that those two witnesses are unwilling to travel here. Defendant has more financial resources available to it than does Plaintiff, and both parties will travel about an equal distance if the case remains here. One of Plaintiff's most compelling arguments is that his two key witnesses, who Plaintiff claims will be unwilling to travel to testify unless compelled to do so, can only be compelled by this Court.

While Defendant may be inconvenienced to a degree if this matter remains here, the undersigned is cognizant of the fact that a request to transfer will be denied "if the transfer would merely shift the inconvenience from one party to the other, or if the balance of all

factors is but slightly in favor of the movant." Folkes v. Haley, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999) (alteration, quotations, and citation omitted). Considering the parties' respective arguments, the undersigned finds that these factors weigh in favor of retaining the case in this District.

B. Locus of Operative Facts

"Typically, the locus of operative facts in intellectual property infringement cases is where the allegedly infringing product was designed, developed, and produced." Seal Shield, LLC v. Otter Prods., LLC, No. 6:13-cv-967-Orl-37DAB, 2013 WL 6017330, at *3 (M.D. Fla. Nov. 13, 2013) (unpublished) (quotations and citations omitted). Defendant contends that its "business operations and the decisions complained of" in the Complaint "occurred in the Northern District of Georgia." Motion at 9. Plaintiff states that "a substantial part of the acts complained of and injuries sustained occurred in this District." Compl. at 2. Plaintiff argues that "the infringement actions o[f] ordering, receiving and re-selling of [Plaintiff's] copyrighted plates, with his copyright notices removed, occurred in Jacksonville." Response at 9. Strictly applying the above-cited authority, given the location of Defendant's headquarters, the fact that the infringing products were likely produced at the headquarters, and the nature of this case, this factor weighs in favor of transferring.

C. Location of Relevant Evidence and Ease of Access to Sources of Proof

At the outset, the Court notes that this factor is generally given "little weight due to advances in copying technology and the ease of transporting documents." Silong v. United States, No. 5:05-cv-55-Oc-10GRJ, 2006 WL 948048, at *3 (M.D. Fla. Apr. 12, 2006) (unpublished) (citing cases); see Mason, 146 F. Supp. 2d at 1364 ("[i]n light of technological

advancements in document imaging, management, and retrieval, it is unlikely that document production will be unduly burdensome if transfer is denied"). Defendant argues that "all of the relevant documents are stored and maintained at [its] headquarters," Motion at 11, while Plaintiff argues that "technological advancements have diminished" this concern "because documents can be easily photocopied, scanned or electronically copied, and transported in a speedy and relatively inexpensive manner," Response at 10, 11. Plaintiff also contends that some of the relevant documents "are located at [Mitchell-Proffitt's] office in this District." Id. at 11 (citing Pl.'s Decl. at 4).

Defendant has not provided a means by which the Court can determine the approximate volume of documents in Defendant's possession relevant to Plaintiff's claims. The Complaint includes allegations beginning in or about 1997 but only involves four copyrights. In light of the "little weight" due to this factor and considering Plaintiff's assertion that some relevant documents are also located in this District, the undersigned finds this factor weighs in favor of retaining venue here.

D. Forum's Familiarity with Governing Law; Trial Efficiency and Interests of Justice

This District and the Northern District of Georgia are both bound by the Eleventh Circuit's precedent. Neither party asserts that the Northern District of Georgia is more familiar with the legal authority governing this case. In fact, both districts are equally capable of interpreting and applying the applicable legal authority. While the Northern District of Georgia is Defendant's home forum and may have "an interest in adjudicating the dispute involving it," Motion at 12, the claims alleged also have a connection to this District. On the whole, these factors are neutral.

E. Plaintiff's Choice of Forum

"Generally, in determining the merits of a § 1404(a) motion to transfer, this Court gives strong consideration to the plaintiff's choice of forum." Suomen Colorize Oy v. DISH Network, L.L.C., 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011). The Eleventh Circuit has recognized that a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson, 74 F.3d at 260 (quotations and citation omitted); see Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (stating that "[o]nly if the [p]laintiff's choice [of forum] is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action" (citation omitted)). "However, the plaintiff['s] choice is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim." Silong, 2006 WL 948048, at *1 (citing Bell v. K Mart Corp., 848 F. Supp. 996, 1000 (N.D. Ga. 1994); Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985)).

The parties heavily dispute the appropriate weight to be afforded to Plaintiff's choice of forum. Plaintiff argues that his choice of forum "is a paramount consideration . . . and that [his] choice should not be lightly disturbed." Response at 5 (citations omitted). Plaintiff asserts that "a substantial part of the acts complained of occurred in this District, and this is where key witnesses . . . are located." Id. at 8; see Sur-Reply at 2. Plaintiff further contends that "Defendant Dixie sells products in this District and harm has taken place to [Plaintiff] in this District." Response at 9. Specifically, Plaintiff argues that "[t]he infringement actions of ordering, receiving and re-selling of [Plaintiff's] copyrighted plates, with his copyright notices

removed, occurred in the Middle District of Florida." Sur-reply at 2. Plaintiff also asserts that the entire state of Florida is his "home forum." Response at 6.

Defendant does not dispute that "venue may be proper . . . in the Middle District of Florida . . . ." See Defendant Dixie Seal & Stamp Co., Inc.'s Answer, and Affirmative Defenses (Doc. No. 10), at 5. Defendant relies on Suomen, 801 F. Supp. 2d 1334, for the proposition that "'where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper.'" Motion at 7 (quoting Suomen, 801 F. Supp. 2d at 1338)) (emphasis and alteration omitted).

As an initial matter, the undersigned rejects Plaintiff's statement that the entire state of Florida (which has three federal judicial districts) is his home forum. See 28 U.S.C. § 1391(b) (referring to "judicial district[s]" rather than entire states when describing appropriate venues); 28 U.S.C. § 1400(a) (indicating that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found"). As to Defendant's reliance on the Suomen case, the undersigned finds Suomen is distinguishable from the present case in two material ways. First, in Suomen, the plaintiff was "a Finnish Corporation with no business operations in Florida, [and it had] no connection to the Middle District of Florida." Suomen, 801 F. Supp. 2d at 1338. Second, "the operative facts underlying Suomen's complaint did not occur in the Middle District of Florida." Id. For those two reasons, the Suomen court "afford[ed] minimal deference to Suomen's choice of

forum in the Middle District of Florida." Id. Here, however, Plaintiff has set forth a connection to this District and at least some of the operative facts occurred here.

In light of the above, Plaintiff's choice of forum is not "clearly outweighed by other considerations." Robinson, 74 F.3d at 260 (quotations and citation omitted). Accordingly, Plaintiff's choice of forum is given strong consideration.

## V. Conclusion

Upon consideration of the factors identified above, the undersigned finds that the Motion is due to be denied. While one of the factors weighs in favor of transferring this matter, ultimately Defendant has not met its burden of showing that transferring this matter to the Northern District of Georgia is appropriate.

Accordingly, it is

**RECOMMENDED THAT:**

Defendant's Motion to Transfer and Memorandum in Support (Doc. No. 11) be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 30, 2014.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record